# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
## ATTORNEYS AT LAW

ROY BARNES*
RICCARDO IACCARINO
CHARLES R. VIRGINIA**
LLOYD R. AMBINDER**
WENDELL V. SHEPHERD

OF COUNSEL:

MARC A. TENENBAUM^***
ALBERT RODRIGUES
GIACCHINO RUSSO

KARIN ARROSPIDE
DANIELLE M. CARNEY
NICOLE E. COHEN
DANA L. HENKE^
STEVEN KERN^^
SAMER E. KHALAF**+
LADONNA M. LUSHER
HEIDI MAHER
GILLIAN MCGOEY^^
JAMES E. MURPHY
KELLIE TERESE WALKER
JUDY S. WONG

TRINITY CENTRE
111 BROADWAY
SUITE 1403
NEW YORK, NEW YORK 10006
TEL (212) 943-9080
FAX (212) 943-9082

*(Please refer all correspondence to the New York address)*

258 Saw Mill River Road
258 Saw Mill River Road
Elmsford, New York 10523
Tel (914) 592-5740
Fax (914) 592-3213

3 Surrey Lane
Hempstead, N.Y. 11550
Tel (516) 483-2990
Fax (516) 483-0566

5 Mountain Avenue
North Plainfield, N.J. 07060
Tel (908) 757-2067
Fax (908) 753-2238

\* Also Admitted in PA
\** Also Admitted in NJ
\*** Also Admitted in OH
^ Also Admitted in DC
^^ Also Admitted in CT
\+ Also Admitted in MD

January 7, 2007



**MEMO ENDORSED**
P. 3

*Via Hand Delivery*

Hon. Richard M. Berman, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: <u>Nephty Cruz, et al. v. Independent Testing Laboratories, Inc.</u>
> Docket No. 07 Civ. 6394 (RMB)(DFE)

Dear Judge Berman:

We represent Plaintiffs in the above-referenced matter. On July 12, 2007, Plaintiffs, trustees of multiemployer benefit plans, commenced this action for, *inter alia*, collection of employee fringe benefit contributions and demand for an audit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. On that date, the Clerk of Court issued a Summons as to Defendant Independent Testing Laboratories, Inc. ("ITL"). Defendant ITL was served with process on July 26, 2007. On August 6, 2007, pursuant to an agreement by and between the parties, Defendant filed with the Court a Stipulation extending ITL's time to answer the Complaint from August 8, 2007 to September 7, 2007. By letter, dated August 6, 2007, to the Court, Defendant requested, on consent, an adjournment of the initial court conference scheduled for August 28, 2007 based on the extension of time for Defendant's answer to the Complaint. The Court granted the Defendant's request and the conference was adjourned to September 12, 2007.

Hon. Richard M. Berman, U.S.D.J.                    2                                January 7, 2008

        On September 7, 2007, Defendant served its answer to the Complaint.

        On September 11, 2007, on behalf of Plaintiffs, we advised the Court in writing that the associate scheduled to appear for the September 12, 2007 court conference was unexpectedly ill due to strep throat and was unable to appear before the Court on September 12, 2007. In response, the Court granted an adjournment of the conference to September 24, 2007.

        By letter, dated September 12, 2007, Defendant requested, on consent, an adjournment of the conference scheduled for September 24, 2007 due to a scheduling conflict. The Court granted the adjournment and the conference was adjourned to September 25, 2007.

        On September 25, 2007, counsel for Plaintiffs could not appear for the conference and, after notifying the Court in writing, the conference was adjourned to November 14, 2007.

        On November 12, 2007, the parties sought adjournment of the conference for anticipated completion of the audit process and settlement negotiations. The Court granted the adjournment and the conference was adjourned to January 9, 2008.

        In October 2007, Defendant agreed to a payroll audit of its books and records. The audit was conducted on October 31, 2007. Plaintiffs transmitted the audit findings to Defendant and Defendant timely rebutted the findings. Presently, Plaintiffs' accountants are reviewing the audit rebuttal submitted by Defendant. On review of the rebuttal, Plaintiffs' accountants will either confirm or adjust the audit findings. Thereafter, the parties will engage in settlement of the final audit findings.

        Accordingly, the parties request a 45-day adjournment of the conference scheduled for January 9, 2008.

        The parties are fully aware that the Court requires 48-hour notice for requests for adjournment. However, Plaintiffs were not able to determine the status of the audit (*i.e.* review of the rebuttal) until this morning, although we had sought information as to the status last week in order to timely comply with the Court's adjournment policy. We have informed the Defendant's attorney of the status of the audit. Defendant consents to this request for adjournment.

        Based on the status of the audit, the parties respectfully request a 45-day adjournment of the initial court conference in this case. The parties mutually request this adjournment to allow time for Plaintiffs' review of the Defendant's audit rebuttal and to discuss settlement based on the final audit findings. The length of time sought is also based partly on the undersigned's two-week absence, commencing January 17, 2008, for a scheduled medical procedure. In seeking the adjournment, the parties look to conserve judicial resources, as well as the clients' time and expense, in exploring resolution.

        In the alternative, should the Court not permit adjournment of the initial conference, the parties respectfully request that, in consideration of the costs and expenses to the clients, the parties' principals not be required to attend this conference since settlement cannot be reasonably explored until the audit findings are finalized.

Please do not hesitate to contact the undersigned if you have any questions.

Respectfully submitted,

*Kellie Walker*

Kellie Terese Walker

KTW:aa

cc:   <u>For Defendant</u>: Allen Breslow, Esq. (via e-mail transmission)

U:\Winword Documents\District 6 Benefit Funds\Collections\Independent\Correspondence\January 7, 2007 Letter to J Berman.doc

---

Application granted.
Conference adjourned to
2-20-08 at 9:30 am

SO ORDERED:
Date: 1-7-08

Richard M. Berman

Richard M. Berman, U.S.D.J.